UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN SMITH #669621,

    Plaintiff,                                     Hon. Janet T. Neff

v.                                                   Case No. 1:17-cv-1122

UNKNOWN BRECHEISEN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 23). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied in part**.

## BACKGROUND

The following allegations are contained in Plaintiff's amended complaint. (ECF No. 9). On November 30, 2016, an inmate spilled coffee on Plaintiff, burning Plaintiff's abdomen. Plaintiff approached Kirt Brecheisen and Terry Boatman[1] requesting to be sent to Health Care for treatment. Brecheisen denied Plaintiff's request and instead instructed Plaintiff to "send a kite." Boatman likewise denied Plaintiff's request. Later that day, Plaintiff submitted a kite requesting that his injury be treated. Plaintiff also submitted a grievance against Brecheisen.

---

[1] In his amended complaint, Plaintiff refers to this individual as Unknown Bowman. In their Motion for Summary Judgment, however, Defendants identify this individual as Terry Boatman. Plaintiff has not challenged this assertion and, in fact, refers to this individual as Terry Boatman in his response to Defendants' motion.

On December 5, 2016, Plaintiff received treatment for his burn injury. Plaintiff was further instructed to report to Health Care "once a day for the next 7 to 10 days for dressing changes." On December 6, 2016, Plaintiff requested authorization to go to Health Care. Wade Vining responded by asking Plaintiff if he had "signed off" on his grievance against Brecheisen. Plaintiff responded that he "did not," at which point Vining told Plaintiff, "then, no, I'm not sending you to Health Care." Plaintiff then asked Scott Cline for authorization to go to Health Care. Cline refused, stating, "Smith, you're very needy, you file too many grievances, and you ain't got shit comin' maybe Brecheisen will send you." Later that day, Plaintiff filed a grievance against Vining and Cline.

On December 12, 2016, Cline ransacked Plaintiff's cell and improperly charged Plaintiff with having personal property items on his bunk. Plaintiff was not convicted of this misconduct charge. On December 19, 2016, Vining began verbally harassing Plaintiff about the grievances Plaintiff had filed against Vining and other staff members. Vining then confiscated Plaintiff's television, expressly stating that he was doing so "because of the grievances Plaintiff filed." On December 24, 2016, Vining stated to another prison guard, in the presence of "at least ten other prisoners," "that's Smith right there, the one who files all the grievances."

On December 29, 2016, Todd Riley told Plaintiff "that he would give him back his television and cut his telephone restriction down if Plaintiff would sign off on the grievances that he had filed against various LCF staff." Riley further stated to Plaintiff, "if you don't sign off on those grievances then I'm finding you guilty and taking your TV." Plaintiff refused to sign off on the grievances in question. On March 7, 2017, Plaintiff was approached by two prisoners who stated to Plaintiff, "The police said you's a rat. What's up with dat? Better watch yo back rat." On March

11, 2017, Plaintiff was assaulted by two prisoners, one of whom stated to Plaintiff, "Vining said you a rat bitch." As a result of this assault, Plaintiff was hospitalized for ten days.

Plaintiff initiated this action on December 18, 2017, against 31 defendants. (ECF No. 1). Plaintiff later amended his complaint, alleging three causes of action against Defendants Brecheisen, Cline, Vining, Riley, and Boatman. Specifically, Plaintiff alleges that Brecheisen and Boatman were deliberately indifferent to his serious medical needs. Plaintiff alleges that Brecheisen, Cline, Riley, and Vining subjected him to unlawful retaliation. Finally, Plaintiff alleges that Vining failed to protect him from violence from other inmates. Defendants Brecheisen, Cline, Vining, Riley, and Boatman now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies as to certain of his claims.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there

is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary

judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her

control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V. The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

In support of their motion, Defendants have identified six (6) grievances which Plaintiff filed during the relevant time period. Plaintiff has not identified any additional grievances which he filed regarding the allegations in his amended complaint. A review of the grievances in question reveals that Plaintiff has failed to properly exhaust many of his claims.

A.    LCF-16-12-0997-17i

Plaintiff filed this grievance alleging that Defendant Brecheisen refused Plaintiff's request for "prompt medical attention" after suffering a burn on November 30, 2016. (ECF No. 24-3 at PageID.237). Plaintiff pursued this matter through all three steps of the grievance process.

(ECF No. 24-3 at PageID.235-39).  Accordingly, this grievance exhausts Plaintiff's claim that on November 30, 2016, Defendant Brecheisen violated his Eighth Amendment rights when he refused Plaintiff's request to go to Health Care for treatment of his burn.

        B.      LCF-16-12-1043-11e

Plaintiff filed this grievance against Defendant Riley on December 21, 2016.  (ECF No. 24-3 at PageID.242).  Plaintiff alleged that on December 18, 2016, Riley threatened to make Plaintiff's "stay at LCF. . .hard" if Plaintiff didn't sign off on a grievance Plaintiff filed against Defendant Vining.  According to Plaintiff, he refused to sign off on the grievance in question at which point Riley stated to Plaintiff, "remember Smith you started this."  Plaintiff further alleged that two days later, Riley retaliated against him by falsely charging him with a misconduct.

While Plaintiff pursued this matter through all three steps of the grievance process, the allegations in this grievance do not correspond to any claims against Defendant Riley in Plaintiff's amended complaint.  While Plaintiff alleges in his amended complaint that Defendant Riley retaliated against him, Plaintiff alleges that such conduct occurred on December 29, 2016, more than one week after Plaintiff filed this particular grievance.  Plaintiff addressed this alleged December 29, 2016 incident in a separate grievance discussed below.   In sum, this grievance does not exhaust any of the claims in Plaintiff's amended complaint.

        C.      LCF 16-12-1046-17b

Plaintiff filed this grievance on December 21, 2016, against Defendant Vining.  (ECF No. 24-3 at PageID.246).  Plaintiff alleged that on December 19, 2016, Vining searched his cell and confiscated his television and fan.  According to Plaintiff, Vining told Plaintiff that he confiscated his property in retaliation for a grievance Plaintiff had filed against him.  Plaintiff pursued the matter

through all three steps of the grievance process. (ECF No. 24-3 at PageID.244-47). Accordingly, this grievance exhausts Plaintiff's claim that Defendant Vining subjected him to unlawful retaliation on December 19, 2016.

   D.  LCF-17-01-0021-28a

Plaintiff filed this grievance on January 2, 2017, alleging that on December 29, 2016, Defendant Riley subjected him to unlawful retaliation because Plaintiff refused to sign off on certain grievances he had filed. (ECF No. 24-3 at PageID.250). This grievance was rejected as duplicative of grievances LCF-16-12-1043-11e (see above) and LCF-17-01-0016-11e (see immediately below). Plaintiff nevertheless pursued the matter through all three steps of the grievance process. (ECF No. 24-3 at PageID.248-50).

   E.  LCF-17-01-0016-11e

Plaintiff filed this grievance on January 2, 2017, alleging that prison officials refused to investigate Defendant Riley's unlawful retaliatory conduct described in grievance LCF-17-01-0021-28a. (ECF No. 24-3 at PageID.253). Plaintiff pursued this grievance through all three steps. (ECF No. 24-3 at PageID.251-54). Considered together, this grievance and grievance LCF-17-01-0021-28a (see immediately above) exhaust Plaintiff's claim that Defendant Riley unlawfully retaliated against him on December 29, 2016.

   F.  LCF-16-12-1015-28e

Plaintiff submitted this grievance on December 7, 2016, against Defendants Cline and Vining. (ECF No. 24-3 at PageID.255-60). This grievance was rejected as untimely, however, a determination which Plaintiff concedes is correct. (ECF No. 30 at PageID.277). Thus, this grievance does not exhaust any of the claims in Plaintiff's amended complaint.

In sum, the evidence submitted by Defendants establishes that Plaintiff has failed to exhaust the claims in his complaint, save for the following claims which as discussed above have been properly exhausted: (1) Plaintiff's claim that on November 30, 2016, Defendant Brecheisen violated his Eighth Amendment rights when he refused Plaintiff's request to go to Health Care for treatment of his burn; (2) Plaintiff's claim that Defendant Vining subjected him to unlawful retaliation on December 19, 2016; and (3) Plaintiff's claim that Defendant Riley unlawfully retaliated against him on December 29, 2016.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 23), be **granted in part and denied in part**.   Specifically, the undersigned recommends that Plaintiff's claims be dismissed for failure to exhaust administrative remedies except for the following claims: (1) Plaintiff's claim that on November 30, 2016, Defendant Brecheisen violated his Eighth Amendment rights when he refused Plaintiff's request to go to Health Care for treatment of his burn; (2) Plaintiff's claim that Defendant Vining subjected him to unlawful retaliation on December 19, 2016; and (3) Plaintiff's claim that Defendant Riley unlawfully retaliated against him on December 29, 2016.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

          Respectfully submitted,

Dated: January 7, 2019          /s/ Ellen S. Carmody
          ELLEN S. CARMODY
          United States Magistrate Judge