UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN SMITH #669621,

    Plaintiff,                                   Hon. Janet T. Neff

v.                                              Case No. 1:17-cv-1122

UNKNOWN BRECHEISEN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 55). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **terminated**.

## BACKGROUND

The following allegations are contained in Plaintiff's amended complaint. (ECF No. 9). On November 30, 2016, an inmate spilled coffee on Plaintiff, burning Plaintiff's abdomen. Plaintiff approached Kirt Brecheisen and Terry Boatman[1] requesting to be sent to Health Care for treatment. Brecheisen denied Plaintiff's request and instead instructed Plaintiff to "send a kite." Boatman likewise denied Plaintiff's request. Later that day, Plaintiff submitted a kite requesting that his injury be treated. Plaintiff also submitted a grievance against Brecheisen.

On December 5, 2016, Plaintiff received treatment for his burn injury. Plaintiff was further instructed to report to Health Care "once a day for the next 7 to 10 days for dressing changes."

---

[1] In his amended complaint, Plaintiff refers to this individual as Unknown Bowman. In their Motion for Summary Judgment, however, Defendants identify this individual as Terry Boatman. Plaintiff has not challenged this assertion.

-2-

On December 6, 2016, Plaintiff requested authorization to go to Health Care. Wade Vining responded by asking Plaintiff if he had "signed off" on his grievance against Brecheisen. Plaintiff responded that he "did not," at which point Vining told Plaintiff, "then, no, I'm not sending you to Health Care." Plaintiff then asked Scott Cline for authorization to go to Health Care. Cline refused, stating, "Smith, you're very needy, you file too many grievances, and you ain't got shit comin' maybe Brecheisen will send you." Later that day, Plaintiff filed a grievance against Vining and Cline.

On December 12, 2016, Cline ransacked Plaintiff's cell and improperly charged Plaintiff with having personal property items on his bunk. Plaintiff was not convicted of this misconduct charge. On December 19, 2016, Vining began verbally harassing Plaintiff about the grievances Plaintiff had filed against Vining and other staff members. Vining then confiscated Plaintiff's television, expressly stating that he was doing so "because of the grievances Plaintiff filed." On December 24, 2016, Vining stated to another prison guard, in the presence of "at least ten other prisoners," "that's Smith right there, the one who files all the grievances."

On December 29, 2016, Todd Riley told Plaintiff "that he would give him back his television and cut his telephone restriction down if Plaintiff would sign off on the grievances that he had filed against various LCF staff." Riley further stated to Plaintiff, "if you don't sign off on those grievances then I'm finding you guilty and taking your TV." Plaintiff refused to sign off on the grievances in question. On March 7, 2017, Plaintiff was approached by two prisoners who stated to Plaintiff, "The police said you's a rat. What's up with dat? Better watch yo back rat." On March 11, 2017, Plaintiff was assaulted by two prisoners, one of whom stated to Plaintiff, "Vining said you a rat bitch." As a result of this assault, Plaintiff was hospitalized for ten days.

Plaintiff initiated this action on December 18, 2017, against 31 defendants. (ECF No. 1). Plaintiff later amended his complaint, alleging three causes of action against Defendants

-3-

Brecheisen, Cline, Vining, Riley, and Boatman. Specifically, Plaintiff alleges that Brecheisen and Boatman were deliberately indifferent to his serious medical needs. Plaintiff alleges that Brecheisen, Cline, Riley, and Vining subjected him to unlawful retaliation. Finally, Plaintiff alleges that Vining failed to protect him from violence from other inmates.

Defendants Brecheisen, Cline, Vining, Riley, and Boatman previously moved for summary judgment on exhaustion grounds. This motion was granted in part and denied in part. (ECF No. 33, 35). As a result, the only claims remaining at this juncture are: (1) Plaintiff's claim that on November 30, 2016, Defendant Brecheisen violated his Eighth Amendment rights when he refused Plaintiff's request to go to Health Care for treatment of his alleged burn; (2) Plaintiff's claim that Defendant Vining subjected him to unlawful retaliation on December 19, 2016; and (3) Plaintiff's claim that Defendant Riley unlawfully retaliated against him on December 29, 2016. Defendants Brecheisen, Vining, and Riley now move for summary judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no

reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I. Denial of Medical Treatment

Plaintiff alleges that on November 30, 2016, Defendant Brecheisen refused his request to receive medical treatment for his alleged burn in violation of his Eighth Amendment rights.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). However, if the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must

demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Ibid.*

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

There is no dispute that Defendant refused Plaintiff's request, on November 30, 2016, to be immediately taken to health care for medical treatment. Thus, the question becomes whether Plaintiff was, in fact, experiencing a serious medical problem at that moment and, if so, whether Defendant Brecheisen was subjectively aware of such. With respect to these questions, the evidence reveals that Defendant Brecheisen is entitled to summary judgment.

Defendant Brecheisen acknowledges that Plaintiff approached him on November 30, 2016, requesting "that he be immediately sent to healthcare." ECF No. 56-3 at PageID.470). Brecheisen further asserts, however, that when he examined Plaintiff's alleged burn, he observed a

rash, but "did not see any indicators of a burn or blistering." (*Id.*).[2] Because Defendant Brecheisen did not believe that Plaintiff was experiencing "serious medical needs requiring immediate attention," Brecheisen denied Plaintiff's request for emergency care and instead instructed Plaintiff "to fill out a medical kite to set up an appointment with healthcare." (*Id.*). Plaintiff was examined by a medical provider on December 5, 2016. (ECF No. 56-4 at PageID.473). Plaintiff requested treatment for a burn to his abdomen, but an examination of Plaintiff's abdomen revealed only two "pea sized" areas which were "healing" with no evidence of "drainage or fever." (*Id.*).

Plaintiff has failed to submit any evidence supporting his subjective belief that he was experiencing a medical emergency on the date in question. Defendant Brecheisen asserts that he discerned no emergency and the medical evidence before the Court supports this assertion. Thus, Plaintiff's claim fails both the objective and subjective prongs of the analysis. Plaintiff cannot satisfy the objective prong because he has failed to present evidence that he was experiencing a serious medical need. *See, e.g., Roebling v. City of Tuscaloosa, Alabama*, 2015 WL 7433147 at *5-6 (N.D. Ala., Oct. 30, 2015) ("minor burns do not constitute objectively serious medical needs for purposes of deliberate indifference" analysis). Likewise, Plaintiff cannot satisfy the subjective element because he cannot establish that, even assuming he was experiencing a serious medical need, that Defendant Brecheisen subjectively knew (or should have known) that such was the case. Accordingly, the undersigned recommends that Defendant Brecheisen is entitled to summary judgment.

**II.     Retaliation**

As detailed below, Plaintiff alleges that Defendants Vining and Riley subjected him to unlawful retaliation. To prevail on his retaliation claims, Plaintiff must satisfy three elements: (1) he

---

[2] Defendant Brecheisen asserts that Plaintiff characterized his medical need as a rash, rather than a burn. (ECF No. 56-3 at PageID.470). Plaintiff, however, asserts that he informed Brecheisen that his bunkmate "accidentally spilled hot coffee" on him. (ECF No. 62 at PageID.710). For present purposes, therefore, the Court must assume that Plaintiff did, in fact, inform Defendant Brecheisen that he had been burned.

was engaged in constitutionally protected conduct; (2) Defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Plaintiff must first present evidence that his protected conduct was a motivating factor in the defendant's action. Even if Plaintiff makes this showing, Defendant is entitled to summary judgment if he demonstrates that he "would have taken the same action even without the protected activity." *Eby*, 481 F.3d at 441-42. Moreover, as the Supreme Court recently held, when alleging retaliation "it is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured – the motive must *cause* the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the

plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019).

### A.   Defendant Vining

Plaintiff alleges that Defendant Vining confiscated his television in retaliation for filing grievances. (ECF No. 9 at PageID.175). Even if the Court assumes that Plaintiff can satisfy the first two elements of this claim, however, Plaintiff's retaliation claim fails because he cannot establish the requisite causal connection.

In his affidavit, Vining asserts that on the date in question he conducted a "routine" search of multiple prison cells, including Plaintiff's cell. (ECF No. 56-7 at PageID.483). The search of Plaintiff's cell revealed several items of contraband, including a television. (*Id.*). Plaintiff was issued a misconduct ticket and his television confiscated. (ECF No. 56-7 at PageID.483; ECF No. 56-8 at PageID.497). Defendant Vining asserts that during his search of Plaintiff's cell, he "did not speak with Plaintiff about grievances." (ECF No. 56-7 at PageID.483). Plaintiff does not refute this in his affidavit, but instead asserts that Vining confiscated his television because it constituted contraband. (ECF No. 62 at PageID.710-15). Likewise, Plaintiff has presented no evidence calling into question Defendant Vining's assertion that the search of Plaintiff's cell was part of a routine search of several prison cells. In sum, Defendant Vining has produced unrefuted evidence that his decision to confiscate Plaintiff's television was unrelated to any grievances Plaintiff may have filed. Accordingly, because Plaintiff cannot establish the requisite causal link, Defendant Vining is entitled to summary judgment.

### B.   Defendant Riley

Plaintiff alleges that Defendant Riley stated that he would return Plaintiff's television if Plaintiff "would sign off on the grievances that he had filed against various LCF staff." (ECF No.

9 at PageID.175).   Plaintiff further alleges that because he refused to sign off on the grievances in question, his television was not returned.   (*Id.*).

Defendant Riley has presented evidence that he was the hearing officer tasked with resolving the misconduct charge against Plaintiff for possessing contraband.   (ECF No. 56-9 at PageID.499; ECF No. 56-10 at PageID.501-03).   The evidence submitted by Defendant Riley further establishes that he upheld the confiscation of Plaintiff's television on the ground that it had been improperly altered rendering it contraband.   (*Id.*).   Plaintiff has presented no evidence that this determination was inaccurate or that Riley's decision was not motivated by this determination.   Thus, Plaintiff cannot establish the requisite causal link.   Accordingly, Defendant Riley is entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 55), be **granted** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: August 29, 2019

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge