UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DESHAWN SMITH,

    Plaintiff,

v.

UNKNOWN BRECHEISEN, et al.,

    Defendants.

_____/

Case No. 1:17-cv-1122

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants Brecheisen, Vining, and Riley filed a motion for summary judgment with regard to the remaining claims. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that Defendants' motion be granted and this action terminated. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

*Objection One:* Plaintiff argues that the Magistrate Judge erred in not finding an Eighth Amendment violation based on the seriousness of Plaintiff's medical condition and Defendant Brecheisen's awareness of the medical need (Pl. Obj., ECF No. 67 at PageID.736-737). Plaintiff

asserts that he presented arguments establishing both of these prongs. He further asserts that the written medical reports were falsified by the nurse (*id.*).

Regarding the first prong, Plaintiff mischaracterizes the law by relying on *Boretti v. Wiscomb*, 930 F.2d 1150 (1991), to set the standard for injuries that are perceived as "serious" under the Eighth Amendment (*id.* at 736). The Magistrate Judge properly applied the more on-point case law from *Roebling*, which states "'minor burns do not constitute objectively serious medical needs for purposes of deliberate indifference' analysis" (R&R, ECF No. 64 at PageID.726, citing *Roebling v. City of Tuscaloosa, Alabama*, 2015 WL 7433147 at *5-6 (N.D. Ala., Oct. 30, 2015)). Relying on the proper case law and the provided medical evidence, revealing "only two 'pea sized' areas which were 'healing' with no evidence of 'drainage or fever,'" the Magistrate Judge correctly determined that Plaintiff's injury was a minor burn that did not satisfy the "seriousness" prong (*id.*).

Under prong two, the Magistrate Judge found that Plaintiff failed to submit evidence of both Defendant's and Plaintiff's subjective belief of the seriousness of the medical need (*id.*). Plaintiff's objection merely disagrees with this finding and provides no further evidence undermining the Magistrate Judge's conclusion.

Additionally, Plaintiff's conclusory allegations that the medical evidence had been falsified were not presented in prior responses or affidavits in response to Defendants' motion. Therefore, this claim is not properly raised on objection to the Report and Recommendation. *See Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 (6th Cir. 2010); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). The Magistrate Judge properly made a determination based on the evidence provided and applicable case law. This objection is denied.

***Objection Two.*** Next, Plaintiff argues that he "stated a claim for retaliation" (ECF No. 67 at PageID.738). To bring a claim that will survive summary judgment, Plaintiff must show "'the adverse action against the plaintiff would not have been taken absent the retaliatory motive'" (ECF No. 64 at PageID.727-728; citing *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019)).

As to Defendant Vining, Plaintiff disagrees with the Magistrate Judge and states he did refute Vining's assertions regarding the reason the television was confiscated (ECF No. 67 at PageID.739). Plaintiff references his verified amended complaint filed on January 29, 2018, which included a bare, conclusory statement that Defendant Vining confiscated the television "because of the grievances Plaintiff filed" (Am. Compl., ECF No. 9 at PageID.175). However, the Magistrate Judge relied on the more recent and specific account of facts within Plaintiff's affidavit. On August 6, 2019, Plaintiff filed both an affidavit and brief (statement of facts) in response to Defendants' motion for summary judgment. Within these documents, Plaintiff did not refute "that [Defendant] Vining confiscated the television because it constituted contraband" nor did he make allegations that the reason was due to the filing of grievances (ECF No. 64 at PageID.728; citing ECF No. 62 at PageID.710-715). Plaintiff shows no error in the Magistrate Judge's analysis or conclusion.

As to Defendant Riley, Plaintiff's objections make merely conclusory statements, but do not cite any evidence to undermine the analysis or conclusion of the Magistrate Judge. "Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and, are not enough to defeat a well-supported motion for summary judgment." *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 897-98 (6th Cir. 2016) (quoting *Pearce v. Faurecia Exhaust Sys., Inc.*, 529 F. App'x 454, 458 (6th Cir. 2013)). Plaintiff's mere conclusory allegations do not justify relief from the recommended dismissal. For these reasons, the objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 67) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 64) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 55) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: February 7, 2020                                    /s/ Janet T. Neff
                                                           JANET T. NEFF
                                                           United States District Judge